IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| EVANGELINE SOMMER, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN[1], Acting )<br>Commissioner of Social Security, )<br>      Defendant. ) | No. 11 CV 50318<br><br>Iain D. Johnston<br>Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

On March 3, 2014, the Court remanded this case for further evaluation of plaintiff Evangeline Sommer's application for benefits under Title II (Disability Insurance Benefits) and Title XVI (Supplemental Security Income) of the Social Security Act. Dkt. 35. Ms. Sommer now seeks to recover her attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 37.

In her fee petition, Ms. Sommer argues that she is entitled to a fee award under the EAJA because the Commissioner's position in defending the ALJ's decision was not substantially justified. Plaintiff claims she is entitled to recover attorneys' fees above the statutory hourly rate of $125.00 because of an increase in the cost of living and a "special factor" within the meaning of § 2412(d)(2)(A). *Id.* at 4. The Commissioner opposes the petition in its entirety, arguing that the Commissioner's position was substantially justified. Dkt. 39 at 2-3. Alternatively, the Commissioner contends that the requested hourly rates should be reduced. *Id.* at 3-7.

For the reasons set forth below, the Court rejects the Commissioner's arguments and

---

[1] Pursuant to Federal Rules of Civil Procedure 25(d), we have substituted Carolyn W. Colvin for Michael J. Astrue as the appellee.

grants Ms. Sommer's fee petition under the EAJA. The Court awards $7,472.45.

## LEGAL STANDARD

The EAJA states that "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency." 28 U.S.C. § 2412(b). Under the EAJA, a plaintiff is eligible to recover attorneys' fees if: (1) she makes a timely application for fees; (2) she is a prevailing party; (3) the Government's position was not substantially justified; and (4) no special circumstances makes an award unjust. 28 U.S.C. § 2412(d)(1)(A)-(B); *Comm'r, INS v. Jean*, 496 U.S. 154, 155 (1990); *Scott v. Astrue*, No. 08 C 5882, 2012 WL 527523, at *1 (N.D. Ill. Feb. 16, 2012).

A claimant is entitled to an award of fees and expenses if the Commissioner's pre-litigation conduct or litigation position lacked substantial justification. *Cunningham v. Barhnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The burden is on the Commissioner to establish substantial justification. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The Commissioner's position is substantially justified if it has a "reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006)). It therefore follows that a loss on the merits does not automatically result in a finding that the Commissioner's position was not substantially justified. *Underwood*, 487 U.S. at 569. Instead, the Court must assess the Commissioner's conduct as a whole and determine whether the Commissioner has satisfied her burden of establishing that her litigation position and pre-litigation conduct had a reasonable basis in fact and law. *Stewart*, 561 F.3d at 683; *Cunningham*, 440 F.3d at 863.

# DISCUSSION

## I. Contentions of the Parties

In this case, Ms. Sommer argues that she is entitled to fees because she can satisfy all of the requisite elements under the EAJA. She contends the Commissioner cannot establish that her litigation position was substantially justified because she failed to follow "clearly established statutory and court precedent." Dkt. 37 at 3 (citing *Underwood*, 487 U.S. at 561-62).

The Commissioner opposes Ms. Sommer's fee petition entirely. First, the Commissioner argues that her litigation position and pre-litigation conduct was substantially justified because the Court reversed on only one ground, and even on that ground the ALJ had a rational basis for his decision. Alternatively, the Commissioner argues that the hourly rates sought for plaintiff's counsel are unreasonable and should be reduced. The Court will address each argument in turn.

## II. Analysis

### A. The Commissioner Failed to Prove Her Position was Substantially Justified

The Commissioner asserts that her litigation position and pre-litigation conduct was substantially justified. Specifically, she contends that (1) the Court remanded not because the ALJ's position was unsupported by evidence but, rather, because the ALJ failed to conduct a proper analysis and explain his reasoning; and (2) Ms. Sommer prevailed on only one ground and, as the Court found, her other contentions were "not all well-founded." Dkt. 39 at 2 (quoting Dkt. 35 at 8). Ms. Sommer responds that the Commissioner's argument is premised in part on improper argument counting, and that the ALJ's failure to conduct a proper analysis is not substantially justified regardless of whether his conclusion was supported by the evidence.

Ms. Sommer prevailed on the ground that the ALJ did not properly analyze whether to afford the opinion of her treating physician controlling weight and, if not controlling weight,

failed to apply the factors set out at SSR 96-2p to determine what weight to afford it. The Court found that in affording the opinion little (as in no) weight, the ALJ failed to acknowledge record evidence that supported the opinion, failed to analyze the SSR 96-2p factors, and favored the opinion of a state agency doctor because the treating physician was not a specialist without acknowledging that the state agency doctor was also not a specialist. It is well established in this Circuit that an ALJ errs by failing to properly analyze the weight to give a treating physicians' opinion and failing to articulate his or her reasoning. *See Larson v. Astrue*, 615 F.3d. 744, 751 (7th Cir. 2010) (ALJ erred by not articulating good reasons for rejecting treating physician's opinion and by not applying the factors to determine what weight to give his opinion). Moreover, it is also well established the Commissioner cannot make up for the ALJ's shortcoming by citing to evidence supporting the decision that the ALJ himself did not cite. *See Parker v. Astrue*, 597 F.3d 920, 925 (7th Cir. 2010); *Toft v. Colvin*, 2013 WL 2285786, at *7 (N.D. Ill. May 23, 2013) ("[T]he court's review is limited to the reasons and logical bridge articulated in the ALJ's decision, not the post-hoc rational submitted in the Commissioner's brief."). Accordingly, the Commissioner has not satisfied her burden to establish that her position on this issue was substantially justified.

As for the Commissioner's remaining argument, in determining whether the Commissioner's position was substantially justified the Court may not decide based on the number of issues on which the Commissioner prevailed as opposed to Ms. Sommer. *See Taloff v. Colvin*, 12 CV 1696, 2014 WL 868040, at *3 (N.D. Ill. Mar. 5, 2014) ("we must refrain from 'argument counting.'"). Rather, the Court must determine whether the Commissioner's position was substantially justified by looking to the case as a whole. *See Stewart*, 561 F.3d at 683-84. Regardless of the merits of Ms. Sommer's other arguments, her argument that the ALJ failed to

4

justify the little weight he gave her treating physician's opinion alone warranted a remand. Accordingly, on the whole, the Commissioner has failed to establish that her arguments against a remand were substantially justified.

> **B.** **Counsel's Hourly Rates Are Reasonable**

Having determined that the Commissioner failed to establish that her position was substantially justified, the Court now turns to the calculation of fees. In the petition, Ms. Sommer asks for a total of $7,472.45 in fees. She seeks an hourly rate of $180.67 for work performed by counsel in 2011, $183.41 for work performed in 2012, $186.89 for work performed in 2014, plus $100 an hour for work performed by law clerks and $125 an hour for work performed by a law clerk with a law degree. She claims counsel's hourly rates include a cost of living adjustments as permitted under 28 U.S.C. § 2412 (d)(2)(A)(ii). She calculated the cost of living adjustments based on the Midwest All Urban Consumer Price Index.

The Commissioner argues that the hourly rate sought for plaintiff's counsel is unreasonable and should be reduced. The Commissioner specifically takes issue with Ms. Sommer's use of the Midwest All Urban Consumer Price Index, objects to the hours Ms. Sommer seeks to recover for "clerical and administrative work," and objects to the $125 hourly rate sought for a paralegal with a law degree, as opposed to the $100 sought for paralegals without a law degree. The Court addresses each objection in turn.

> **1.** **Hourly Rate**

The Commissioner argues that the hourly rates sought for plaintiff's counsel should be reduced because Ms. Sommer failed to establish that a cost of living adjustment is warranted, and used the wrong Consumer Price Index to calculate her proposed adjustment. Ms. Sommer

responds that the rates sought are reasonable because they are supported by evidence. She also points to a number of other cases in this district where similar rates were awarded as reasonable.

The EAJA provides that fee awards "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, when the current version of the Act was passed] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Mathews–Sheets v. Astrue,* 653 F.3d 560, 562 (7th Cir. 2011) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). In *Mathews-Sheets*, the Seventh Circuit held that plaintiffs who seek a higher rate must either point to inflation and provide evidence that inflation "has increased the cost of providing adequate legal service", or show that "a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case [for $125 per hour]."[2] *Id.* at 562-63, 565.

The Commissioner first argues that a Claimant is not entitled to recover fees that include a cost of living adjustment just by submitting a copy of the Consumer Price Index and arguing for the adjustment. However, Ms. Sommer did more than that. She explained that counsel's

---

[2] Courts have disagreed about whether *Mathews-Sheets* requires a showing of both criteria. *Compare Oatis v. Astrue,* No. 10-C-6043, 2012 WL 965104, at *1 (N. D. Ill. Mar. 20, 2012) (denying fee increase for failure to prove both inflation and lack of competent counsel willing to take the case for the statutory amount); *Scott v. Astrue,* No. 08-C-5882, 2012 WL 527523, at *5 (N. D. Ill. Feb. 16, 2012) (granting fee increase because Plaintiff proved both criteria); *Seabron v. Astrue,* No. 11 C 1078, 2012 WL 1985681, *3-4 (N.D. Ill. Jun.4, 2012) (same) *with Carnaghi v. Astrue*, No. 11-C-2718, 2012 WL 6186823, *4 (N.D. Ill. Dec. 12, 2012) ("[T]he Court rejects the Commissioner's contention that a Plaintiff must always show that no competent attorney could be found at a rate of $125 per hour in order to justify an increase in that rate."); *Shipley v. Astrue*, 1:10-CV-1311-DML-TWP, 2012 WL 1898867, at *3 (S.D. Ind. May 23, 2012) (requiring both criteria to award fee increase "ignores the *two* bases under the EAJA that justify a rate higher than the $125 cap…") The Commissioner does not argue that Plaintiff must show *both* increased operating costs due to inflation and that no competent attorney could be found to litigate the case for $125 per hour. The Court agrees with the majority of other courts in this district that recognize that a showing of either criterion is sufficient to justify a rate increase under the EAJA.

costs for rent, wages, benefits, and legal research have all increased over the years, and submitted affidavits from other lawyers to establish that no capable attorney would handle a social security appeal for an hourly rate not to exceed $125 an hour. Dkt. 37 at 4-5, and Ex D.

Alternatively, the Commissioner argues that Ms. Sommer should have used the Midwest – Size Class B/C Consumer Price Index rather than the Midwest All Urban Consumer Price Index. Under the Midwest – Size Class B/C Consumer Price Index Consumer Price Index, the adjusted hourly rate would have been reduced by $8.07 for 2011, $7.21 for 2012, and $4.65 for 2014. After reviewing Plaintiff's submitted evidence and the relevant case law, the Court concludes the hourly rates sought for plaintiff's counsel are reasonable and rejects the Commissioner's objections. A recent district court case, *Rodriguez v. Colvin*, No. 11 CV 5637, 2013 WL 5221335 (N.D. Ill. Sept. 16, 2013), provides the Court guidance on the issue. In *Rodriguez*, the court rejected the Commissioner's argument that counsel's hourly rate should be reduced because the plaintiff relied on the wrong Consumer Price Index. *Id.* at *2. Specifically, in *Rodriguez*, the Commissioner argued that the plaintiff should have used the Midwest Urban Price Consumer Index to calculate his hourly rate instead of the All Urban Consumer Price Index. *Id.* at *2. In overruling the objection, the *Rodriguez* court relied upon the plaintiff's submitted evidence and the lack of clear authority. The court noted that "courts within the Seventh Circuit have used both regional and All U.S. Consumer Price Index rates, without a clear preference for either." *Id.* at *3 (citing *Griffin v. Astrue*, No. 11 CV 5091, 2013 WL 616944 (N.D. Ill. Feb. 15, 2013); *Bias v. Astrue*, No. 11 CV 2247, 2013 WL 615804 (N.D. Ill. Feb. 15, 2013); *Hamrick v. Astrue*, No. 09 CV 179, 2010 WL 3862464, at *3 (N.D. Ind. Sept. 27, 2010) (stating that "it appears that district courts in the Seventh Circuit have permitted the use of either the national or regional index, provided that plaintiff's counsel justifies the increased rate

7

he seeks."); *Seabron v. Astrue*, No. 11 CV 1078, 2012 WL 1985681, at *4 (N.D. Ill. June 4, 2012) (approving use of the national CPI over the regional CPI)). Based on the lack of clear authority and the plaintiff's submitted evidence, the court in *Rodriguez* found the plaintiff's requested rate of $182.00 was reasonable and rejected the Commissioner's objection.

The same is true in this case. In addition to the fact that Ms. Sommer used the Midwest All Urban Consumer Price Index to calculate counsel's hourly rate and has provided evidence to support the calculations and requested increase, the Commissioner has failed to present any clear authority indicating that the Midwest-Size B/C Consumer Price Index should be used instead of the Midwest Consumer Price Index. As such, the Court rejects the Commissioner's objection and finds the requested hourly rates to be reasonable.

### 2. Hourly Rate for Paralegal with Law Degree

Next, the Commissioner contends that the $125 hourly rate charged by Susan Blaz should be reduced to $100 because, although Ms. Blaz has a law degree, she worked as a paralegal and "plaintiff has not sufficiently explained why a paralegal with a law degree should be compensated at a higher rate than any other paralegal." Dkt. 39 at 6. To begin, Ms. Blaz billed a total of one-half hour on this case and so the amount in dispute totals $12.50. Courts have previously determined that Ms. Blaz was entitled to charge an hourly rate of $125 or even higher for her work as a paralegal before earning her law degree. *See*, *e.g.*, *Dillon v. Astrue*, No. 07 CV 3652, 2008 U.S. Dist. LEXIS 123216, at **9-10 (N.D. Ill. Oct. 24, 2008) (awarding $125 an hour); *Whisenant v. Astrue*, No. 06 CV 5322, 2008 U.S. Dist. LEXIS 123216, at *10-12 (N.D. Ill. Oct. 14, 2008) (awarding $142 an hour). According to the time records that Ms. Sommer submitted, Ms. Blaz's half hour was spent reviewing and revising the complaint and speaking to opposing counsel about the government's multiple requests for an extension of time to file its

brief. Dkt. 37 at Ex. B. The record establishes no reason why now that Ms. Blaz has a law degree she should bill for such tasks at a rate lower than she billed without the degree. Accordingly, the Commissioner's objection to Ms. Blaz's $125 hourly rate is overruled.

### 3. Administrative and Clerical Work

Next, the Commissioner argues that the Court should reduce any award because she improperly sought fees for clerical and administrative work. However, aside from this conclusory assertion, the Commissioner fails to provide any support regarding this objection. She does not indicate how many of the hours sought are allegedly for administrative work and also fails to point to the specific tasks she considers clerical or administrative. For these reasons, her argument fails. *See Ibarra-Montufar*, 2013 WL 6507865 at *4 (rejecting Commissioner's objection and noting that she should have pointed to specific line items because a court may not "reduce the number of hours absent a clear indication of why this is necessary."). In any event, the Court has reviewed counsel's time summary and does not find any of the claimed hours clerical in nature. Thus, the Court refuses to reduce any of the hours as clerical or ministerial.

### CONCLUSION

For the reasons set forth above, Ms. Sommer's motion for attorneys' fees under the Equal Access to Justice Act [Dkt. 37] is granted. Plaintiff's application for $7,472.45 in fees is granted consistent with this Memorandum Opinion and Order. The fee award will initially be payable to Ms. Sommer pending confirmation that she owes no pre-existing debt to the Government, at which point the award will convert to being payable to Ms. Sommer's attorney. *See Ibarra-Montufar v. Colvin*, No. 12-CV-736, 2013 WL 6507865 at *4 (N.D. Ill. Dec. 12, 2013); *Claiborne ex rel. L.D. v. Astrue*, 877 F. Supp. 2d 622, 628 (N.D. Ill. Jul. 6, 2012).

It is so ordered.

Date: August 6, 2014          By: _____
                              Iain D. Johnston
                              United States Magistrate Judge